UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BENJAMIN MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00801 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| MONTGOMERY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>M E M O R A N D U M</u>

The plaintiff, an inmate at the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Montgomery County Sheriff's Department, Sheriff Norman Lewis in his individual capacity, the Tennessee Department of Corrections (TDOC), and the Tennessee Corrections Institute, alleging that, by being housed at the Montgomery County Jail instead of a TDOC facility, he has been denied opportunities available at the TDOC institutions, such as the chance to participate in rehabilitation and educational programs. (Docket No. 1 at p. 5). He also alleges that he has been denied certain visitation privileges, access to a quality law library and legal aides, and adequate outdoor recreation time. (*Id*.) He asks the court to afford him these programs and privileges as long as he is housed in the county jail. (*Id*.)

### I. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is

1

required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Analysis

First, the plaintiff names the Montgomery County Sheriff's Department as a defendant. However, sheriffs' offices and police departments are not bodies politic and, as such, are not persons within the meaning of § 1983. *See Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlaks by Timberlaks v. Benton,* 786 F.Supp. 676, 682-83 (M.D. Tenn.1992)(police departments are not persons within the meaning of § 1983).

Because the plaintiff is proceeding *pro se*, the court could construe the plaintiff's claims

against the Montgomery County Sheriff's Department as claims against Montgomery County. In order to bring a Section 1983 claim against a county, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir.1996).

The plaintiff alleges that the policies and practices of the Montgomery County Jail are not as favorable to the plaintiff as the policies and practices in place at TDOC facilities. Although the plaintiff does not expressly allege in his complaint, the court infers that the plaintiff has been sentenced to serve a term of imprisonment in the custody of the TDOC, but that he has been housed at the Montgomery County Jail instead.

Despite the plaintiff's discontent with his present housing arrangements, the Constitution does not guarantee a prisoner a right to be confined in any particular prison or jail. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). Moreover, there is no constitutional right to vocational or educational programs in prison. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir.1985) (no right to rehabilitation or vocational classes). Nor does the plaintiff possess a right created by the Constitution to prison employment. *Rhodes*, 452 U.S. at 347-49; *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989)(no constitutional right to prison employment). *See also Codd v. Brown*, 949 F.2d 879, 882 (6th Cir.1991) (no liberty or property interest in participation in work-release program). Thus, the plaintiff's allegations against the Sheriff's Department fail to state a claim for relief under § 1983 even if construed as claims against Montgomery County.

Next, in the caption and preliminary portions of his complaint, the plaintiff names Sheriff Lewis in his individual capacity as a defendant in this matter. (Docket No. 1 at pp. 1, 4). However, the plaintiff has not identified any allegedly unlawful action on the part of defendant Lewis. In the body of the plaintiff's complaint, there is no mention of Sheriff Lewis. (*Id.* at p. 5).

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act; rather liability must be based upon active unconstitutional behavior. *See Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir.1998), *cert. denied*, 526 U.S. 1115 (1999). Since the plaintiff fails to allege any unconstitutional conduct by Sheriff Lewis, the complaint fails to state a claim upon which relief can be granted as to Sheriff Lewis.

Third, the plaintiff names the Tennessee Department of Corrections as a defendant. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seeks a remedy against the State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . ." *See Will v. Michigan Dep't of State Police*, U.S. 58, 66 (1989). TDOC is a department of the state of Tennessee and is immune from suit under Section 1983. *See Netters v. TDOC*, 2005 WL 2113587, at *3 (W.D. Tenn. Aug. 30, 2005). Therefore, the plaintiff's claims against TDOC fail as a matter of law. *Id.*

Finally, the plaintiff names the Tennessee Corrections Institute as a defendant. The Tennessee Corrections Institute, established by state statute, is required to establish minimum standards for adult local jails, lock-ups, workhouses, and detention facilities in the State; establishes the standards to inspect and certify local correctional facilities; is responsible for educating local correctional staff; and provides technical assistance and conducts research in relation to requests

from local correctional detention facilities, the Tennessee legislature, and other state agencies. *See* Tenn. Code Ann. § 41-4-140. Like TDOC, then, the Tennessee Corrections Institute is immune from suit under Section 1983 as an arm of the State of Tennessee. *See Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011)(assuming, without deciding, that London Correctional Institute is an arm of the State and could have asserted sovereign immunity under the Eleventh Amendment). As such, the plaintiff has failed to state claims upon which relief can be granted against this defendant.

**IV.    Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Todd J. Campbell
United States District Judge